UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DAUGHERTY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT LEE,<br><br>　　　　　　　Defendant. | Case No. EDCV 17-972 JVS(JC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. BACKGROUND AND SUMMARY

On April 24, 2017, in the United States District Court for the Northern District of California, Julie Daugherty ("plaintiff"), who was then in custody at the California Institution for Women in Corona, California ("CIW"), is proceeding without a lawyer (*i.e.*, "*pro se*"), and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") with attached exhibits naming as the sole defendant Dr. Scott Lee ("Lee"), an "OBGYN" at the CIW. (Complaint at 1-2). The case was subsequently transferred to the Central District of California and assigned to this Court for adjudication.

Very liberally construed, the Complaint appears to attempt to assert one or more civil rights claims stemming from defendant Lee's medical treatment of plaintiff. Plaintiff seeks injunctive and monetary relief.

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

**II.  THE SCREENING REQUIREMENT**

As plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B).

When screening a complaint to determine whether it states any claim that is viable (*i.e.*, capable of succeeding), the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555). In addition, under Rule 10 of the Federal Rules of Civil Procedure ("Rule 10"), a complaint, among other things, must (1) state a party's claims in sequentially "numbered paragraphs, each limited as far as

practicable to a single set of circumstances"; and (2) where "doing so would promote clarity," state "each claim founded on a separate transaction or occurrence . . . in a separate count". . . ." Fed. R. Civ. P. 10(b).

Thus, to avoid dismissal, a civil rights complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted). At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting id.), cert. denied, 135 S. Ct. 980 (2015).

*Pro se* complaints are interpreted liberally to give plaintiffs "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If a *pro se* complaint is dismissed because it does not state a claim, the court must freely grant "leave to amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could fix the identified pleading errors by alleging different or new facts. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

## III. PERTINENT LAW

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676 (citing, *inter alia*, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)). Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his own actions have caused a constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 134 S. Ct. 70 (2013).

An individual "causes" a constitutional deprivation basically when he (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).

### B. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment when they respond with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976) (citations and footnotes omitted).

An inmate's medical need is sufficiently "serious" if, objectively, the failure to treat it "will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc)

(citations and internal quotation marks omitted), cert. denied, 135 S. Ct. 946 (2015). Such medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. . . ." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991) (citations omitted), overruled on other grounds by WMX Technologies, Inc., v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official acts with deliberate indifference when the official is subjectively aware of, but *purposefully* ignores or fails to respond to an "excessive risk to inmate health" (*i.e.*, a serious medical need). Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted). A defendant's alleged indifference must be "substantial." Estelle, 429 U.S. at 105-06; Lemire v. California Department of Corrections and Rehabilitation, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted). A prison doctor's mistake, negligence, or malpractice does not establish deliberate indifference to serious medical needs. Estelle, 429 U.S. at 105-06. "Even gross negligence is insufficient . . . ." Lemire, 726 F.3d at 1082 (citation omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Colwell, 763 F.3d at 1066 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)) (quotation marks omitted).

A prisoner need not prove that he or she was completely denied medical care. Lopez, 203 F.3d at 1132. Rather, deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05 (footnotes omitted). Mere disagreement with a defendant's professional judgment concerning what medical care is most appropriate under the circumstances, however, is insufficient to show deliberate indifference. Hamby v. Hammond, 821 F.3d 1085,

1092 (9th Cir. 2016) (citation omitted). Hence, the medical care a defendant provided to an inmate amounts to deliberate indifference only if the doctor chose a course of treatment that "was medically unacceptable under the circumstances" and did so "in conscious disregard of an excessive risk to plaintiff's health." Colwell, 763 F.3d at 1068 (citations and internal quotation marks omitted).

Where a plaintiff seeks to hold a prison official personally liable for damages, the plaintiff must establish a causal link between the particular defendant's deliberate indifference and the constitutional deprivation alleged. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988). Proper evaluation of causation involves "a very individualized approach which accounts for the duties, discretion, and means of each defendant." Id.

## IV. DISCUSSION

Here, the Complaint is deficient in at least the following respects:

First, the Complaint violates Rule 10 because, among other things, it does not allege claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Second, even very liberally construed, the allegations of the Complaint (to the extent comprehensible) are insufficient to show that defendant Lee violated the Eighth Amendment. Even assuming plaintiff had a medical condition that was objectively sufficiently serious, and that defendant Lee was aware that such condition posed a substantial risk of serious harm to plaintiff, the non-conclusory allegations in the Complaint do not plausibly suggest that defendant Lee responded to that risk with deliberate indifference. For example, it is unclear from plaintiff's factual allegations whether any failure by defendant Lee adequately or timely to address plaintiff's condition was intentional (which could support a Section 1983 claim of deliberate indifference) or simply due to inadvertence, negligence, or a reasonable (even if mistaken) belief that plaintiff's condition was being adequately treated (which would not support a Section 1983 claim). See, e.g., Smith v. Suiter,

579 Fed. Appx. 608, 608 (9th Cir. 2014) ("mistakes, negligence, or malpractice by medical professionals are not sufficient to constitute deliberate indifference. . .") (citing Toguchi v. Chung, 391 F.3d 1051, 1056-60 (9th Cir. 2004)); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). To the extent the Complaint alleges conduct which is merely "consistent with" defendant Lee's liability, it again fails adequately to show that plaintiff is entitled to relief under Section 1983. See Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

To the extent plaintiff alleges that defendant Lee should have chosen a different course of treatment to address plaintiff's condition (*e.g.*, referring plaintiff to a hospital), such allegations are insufficient to state a viable Section 1983 claim. The Complaint does not allege facts which plausibly suggest that the course of treatment defendant Lee chose "was medically unacceptable under the circumstances" much less that Lee chose such treatment "in conscious disregard of an excessive risk to plaintiff's health." Colwell, 763 F.3d at 1068 (citations and internal quotation marks omitted). Plaintiff's mere disagreement with the treatment she received is insufficient to establish deliberate indifference. See Hamby, 821 F.3d at 1092 (citation omitted).

Finally, the Complaint is otherwise a haphazard assemblage of "notes" from plaintiff's "personal calendar," inmate grievances and responses, memos, letters from other inmates, and medical records replete with immaterial background information and duplicative, irrelevant, and conclusory factual assertions which, on the whole, do nothing to plausibly connect any particular act or incident to a specific legal claim against the defendant, and consequently are insufficient to state any viable Section 1983 claim. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations not sufficient to state a claim under Section 1983) (citation omitted); see also Iqbal, 556 U.S. at 680-84 ("formulaic recitation of the elements" of a claim

insufficient under Rule 8) (citations omitted); Knapp v. Hogan, 738 F.3d 1106, 1109-10 & n.1 (9th Cir. 2013) (violations of Rule 8's "short and plain statement" requirement "warrant dismissal") (citations omitted), cert. denied, 135 S. Ct. 57 (2014). "It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims." Stewart v. Ryan, 2010 WL 1729117, *2 (D. Ariz. Apr. 27, 2010). It is also not the Court's responsibility to sift through plaintiff's multiple exhibits in an attempt to glean whether plaintiff has an adequate basis upon which to state a viable claim. Cf. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1066 (9th Cir. 2009) ("[j]udges are not like pigs, hunting for truffles buried in briefs") (citation omitted); Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir.) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.") (cited with approval in Knapp, 738 F.3d at 1111), cert. denied, 540 U.S. 968 (2003).

## V.  ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1. The Complaint is dismissed with leave to amend. If plaintiff intends to pursue this matter, she shall file a First Amended Complaint within fourteen (14) days of the date of this Order which cures the pleading defects set forth herein.[1]

---

[1] Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in sequentially numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each defendant did and how that defendant's conduct specifically violated plaintiff's civil rights; and (i) not change the nature of this suit by adding new, unrelated claims or defendants, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – *i.e.*, a pleading that alleges unrelated violations against different defendants).

2. In the event plaintiff elects not to proceed with this action, she shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

**3. Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal, may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the Court's Order.**

IT IS SO ORDERED.

DATED: July 31, 2017

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Attachment