UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DAUGHERTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT LEE,<br><br>　　　　　Defendant. | Case No. EDCV 17-972 JVS(JC)<br><br>MEMORANDUM OPINION AND<br>ORDER DISMISSING ACTION |

## I.　BACKGROUND AND SUMMARY

On April 24, 2017, in the United States District Court for the Northern District of California, Julie Daugherty ("plaintiff"), who was then in custody at the California Institution for Women in Corona, California ("CIW"), is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 with attached exhibits naming as the sole defendant Dr. Scott Lee, an "OBGYN" at the CIW. The case was subsequently transferred to the Central District of California and assigned to this Court for adjudication.

On June 2, 2017, plaintiff filed a notice of change of address, notifying the Court of her new address in Palm Springs, California ("Address of Record").

///

1

On July 31, 2017, this Court screened and dismissed the Complaint with leave to amend and directed plaintiff, within fourteen (14) days, to file a First Amended Complaint or a signed Notice of Dismissal ("July Order"). The July Order further expressly cautioned plaintiff in bold-faced print that the failure timely to file a First Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the July Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with such Order. The July Order was sent to plaintiff at her Address of Record, has not been returned, and is presumed to have been delivered to plaintiff.

As the foregoing deadline expired without the filing of a First Amended Complaint or a Notice of Dismissal, the assigned United States Magistrate Judge issued an Order to Show Cause Re Dismissal ("Order to Show Cause") on August 29, 2017, directing plaintiff to show cause in writing, on or before September 8, 2017, why plaintiff's failure timely to file a First Amended Complaint or a Notice of Dismissal should not be deemed plaintiff's admission that amendment is futile, and why this action should not be dismissed on the grounds set forth in the July Order, on the ground that amendment is futile, based upon plaintiff's failure to prosecute, and/or based upon plaintiff's failure to comply with the July Order. The Order to Show Cause further expressly cautioned plaintiff in bold-faced print that failure to comply with the Order to Show Cause and/or to show good cause, may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the ground that amendment is futile, on the grounds set forth in the July Order, based upon plaintiff's failure to prosecute this action, and/or based upon plaintiff's failure to comply with the Court's orders. The Order to Show Cause was sent to plaintiff at her Address of Record. On September 18, 2017, such Order to Show Cause was returned undelivered with a September 13, 2017 notation to "return to sender [–] unable to forward."

## II. DISCUSSION

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to state a claim upon which relief can be granted, her failure to comply with the July Order and her failure diligently to prosecute.

First, as explained in detail in the July Order, the Complaint failed to state a claim upon which relief may be granted. The July Order explained in detail what plaintiff needed to do to cure the deficiencies in her pleading, granted plaintiff ample leave to file an amended complaint to the extent she was able to cure the multiple pleading deficiencies identified, and warned plaintiff that the action would be dismissed if she failed timely to file such an amendment. Since plaintiff did not file an amended complaint despite having been given an opportunity to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that states viable claims for relief and deems such failure an admission that amendment is futile. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014). Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the July Order and the failure diligently to prosecute. It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations

omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).[1] Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute her case and failure to comply with the July Order warrant dismissal.

///
///
///

---

[1] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the July Order) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.). Here, as noted above, plaintiff has been notified of the deficiencies in the Complaint and has been afforded the opportunity to amend effectively. Further, the Court's July Order was not erroneous.

4

## III. ORDER

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

DATED: September 21, 2017

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE